**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GEORGE JOHN WHITE, | ) | |
| Petitioner, | ) | 3:05-CV-0262-KJD-VPC |
| vs. | ) | |
| LENARD VARE, *et al.*, | ) | **ORDER** |
| Respondents. | ) | |

On March 20, 2006 this Court entered an order dismissing White's petition for writ of habeas corpus (docket #19). Judgment was entered on March 21, 2006 (docket #20). On May 1, 2006, petitioner filed a document entitled "Notice of Appeal" (Docket #23).

The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case must be filed in the district court no later that thirty (30) after the entry on the record of the judgment or order from which appeal is to be taken. Fed.R.App. 4(a)(1)(A). In this case, petitioner ought to have filed his notice of appeal no later than thirty days from the entry of the original judgment (i.e., on or before April 20, 2006) in order to appeal the original judgment.

Petitioner missed this filing date. His notice of appeal was filed on May 1, 2006, almost two weeks beyond that deadline. The Federal Rules of Appellate Procedure provide two means through which to file tardy notices of appeal. In the first,

1   pursuant to Rule 4(a)(5), the district court may extend the time within which to file a
2   notice of appeal provided that the moving party files a motion no later than thirty (30)
3   days after the time prescribed by Rule 4(a) expires, and that the party shows excusable
4   neglect or good cause for having failed to file in a timely manner.  After such a showing,
5   the Court may extend the time within which to file the notice of appeal for no more than
6   thirty days after the prescribed time, or ten days after the date on which the order
7   granting the motion is entered.  Fed.R.App. 4(a)(5)(A), (B) and (C).
8           Petitioner does not qualify under this rule for an enlargement of time.
9   Petitioner has provided no showing of excusable neglect or other good cause for his
10  failure to file his notice of appeal on time.  There is no statement in petitioner's notice
11  regarding the reason for the tardiness of his  notice of appeal at all.  Without some
12  showing of good cause, the rules preclude the Court from allowing time to file a late
13  notice of appeal.  Petitioner's motion fails for this reason alone.
14          The Federal Rules of Appellate Procedure also allow the Court to reopen
15  the time period within which to file a notice of appeal.  See Fed.R.App. 4(a)(6).  Under
16  this provision, the district court may reopen the time period within which to file a notice
17  of appeal for fourteen additional days, but only if several conditions are satisfied.  First,
18  the motion to reopen must be filed within 180 days after the judgment is entered or
19  within seven days after the moving party receives notice of the entry of judgment,
20  <u>whichever is earlier</u>.  See Fed.R.App. 4(a)(6)(A).  Second, the court must find that the
21  moving party was entitled to notice of the entry of judgment, but did not receive that
22  notice from the district court or any party within twenty-one days after entry.
23  Fed.R.App. 4(a)(6)(B).  Finally, the Court must find that no party would be prejudiced by
24  the additional time.  Fed.R.App. 4(a)(6)(C).  Only if all three conditions are satisfied may
25  the Court then reopen the time period within which to file a notice of appeal for a period
26

1  not to exceed fourteen days.

2  Neither of the first two conditions are satisfied in this case. While the petitioner has filed his motion within 180 days of the entry of the judgment, it does not appear to the Court that he has filed the motion within seven days of his receipt of the notice of entry of that judgment. The order dismissing his petition was entered and served on petitioner on March 21, 2006. *See* Docket #19 and #20. Petitioner must have received that document within several days of that mailing date, as the mail was not returned to the Court. Indeed, petitioner's "notice" is utterly silent in the regard. If petitioner had not received the notices of entry in a timely manner, the Court fully believes that petitioner would have informed the Court of that fact in no uncertain terms. As a result, petitioner is not entitled to a reopening of the time period within which to file a notice of appeal.

**IT IS THEREFORE HEREBY ORDERED** that the petitioner's "Notice of Appeal (Docket #23), which the Court has treated as a Motion for Extension of Time under Fed.R.App. 4(a)(5), and Motion to Reopen Time to File an Appeal pursuant to Fed.R.App. 4(a)(6) is **DENIED.**

Dated this 5 day of May, 2006

_____
UNITED STATES DISTRICT JUDGE